**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5236**

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

        v.

JAMES DOUGLAS COTHRAN,

                 Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:10-cr-00009-MR-1)

Submitted:  July 8, 2011                 Decided:  July 29, 2011

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric C. Bohnet, ERIC C. BOHNET, ATTORNEY AT LAW, Indianapolis, Indiana, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Douglas Cothran appeals the district court's 151-month sentence imposed following his conviction for bank robbery, in violation of 18 U.S.C. § 2113(a) (2006). Cothran's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in sentencing Cothran as a career offender. Cothran was advised of his right to file a pro se supplemental brief but did not file one. Finding no reversible error, we affirm.

The sole issue raised in the Anders brief is whether the district court erred in sentencing Cothran as a career offender. To qualify as a career offender: (1) the defendant must have been at least eighteen years old at the time of the offense of conviction; (2) the offense of conviction must have been a felony crime of violence or controlled substance offense; and (3) the defendant must have at least two prior felony convictions for crimes of violence or controlled substance offenses. U.S. Sentencing Guidelines Manual (USSG) § 4B1.1(a) (2010).

> The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . . , and (2) the sentences for at least two of the aforementioned

2

felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c).

USSG § 4B1.2(c). "[P]rior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." USSG § 4A1.2(a)(2). Upon de novo review, we conclude that the district court properly sentenced Cothran as a career offender. See United States v. Farrior, 535 F.3d 210, 223 (4th Cir. 2008) (stating standard of review).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cothran, in writing, of his right to petition the Supreme Court of the United States for further review. If Cothran requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cothran. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3